IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARK A. WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:10CV517 |
| ) | |
| JETT PROPERTIES, LLC., ) | |
| ) | |
| Defendant(s). ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff has filed a complaint under 42 U.S.C. § 1983 for alleged violations of his civil rights. In conjunction with the complaint, Plaintiff also submitted an application for leave to proceed *in forma pauperis*. "The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing *in forma pauperis* d[o] not need to balance the prospects of

successfully obtaining relief against the administrative costs of bringing suit." *Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Applicable to this case, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Id.*[1] Also, the Court may anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim*, 64 F.3d at 954 (court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts). For the reasons that follow, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted.

The only Defendant named by Plaintiff is Jett Properties, LLC., which is alleged to be a corporation incorporated under North Carolina law. (Docket No. 2, ¶ 3.) Plaintiff complains that Defendant violated his federal rights by filing a show cause motion in "Forsyth County Divorce Court." (*Id*. ¶ 6.) This led to his eventual arrest, which he claims was wrongful. (*Id*. ¶¶ 7-8, 12-14.)

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint). *Accord Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94, and *Iqbal*, 129 S. Ct. at 1950, respectively)), *cert. denied* ___ U.S. ___, No. 09-8739, 2010 WL 286406 (2010), *and cert. denied*, ___ U.S. ___, No. 09-889, 2010 WL 285700 (2010).

Assuming for the sake of considering Plaintiff's *in forma pauperis* request that the facts alleged are true, he has stated no claim for relief. Section 1983 only covers civil rights violations by state actors, while Defendant is a private corporation. This means that its actions did not violate § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state claim under section 1983 plaintiff must allege violation of right secured by Constitution or laws of the United States and must show that alleged deprivation was committed by person acting under color of state law). Plaintiff does allege that Defendant abused the process of the state courts and caused him to be arrested. However, such an action undertaken by a private actor does not convert it into a state actor for purposes of § 1983, at least in the absence of a conspiracy with state actors and a "special relationship" between the defendant and law enforcement. *See Polacek v. Kemper County, Miss.*, Civil Action No. 4:09CV145TSL-LRA, 2010 WL 2629717, at *6 (S.D. Miss. June 28, 2010)(citing cases). No such facts are alleged here. Therefore, Defendant is a private, not state, actor and Plaintiff has failed to state any claim for relief. His complaint should be dismissed.

Plaintiff is therefore not entitled to further proceed as a pauper. Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted.

```
            /s/ P. Trevor Sharp
       United States Magistrate Judge
```

Date: August 9, 2010